UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRENDAN NASBY,  )
　　　　　　　　　　　　　　　　　)
　　　　Petitioner,　　　　　　　)　　　3:07-cv-0304-ECR-RAM
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　　**ORDER**
E.K. McDANIEL, *et al.*,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Respondents.　　　　　　)
_____/

　　　　Before the Court is respondents' motion to dismiss the petition for writ of habeas corpus (docket #33). Petitioner, represented by counsel has not opposed the motion, although the response was due no later than August 1, 2010. The motion to dismiss shall be granted.

　　　　Local Rules of Civil Practice, Rule 7-2 provides that failure of a party to file points and authorities in opposition to a motion shall constitute consent to the granting of the same. On that basis alone, dismissal of the petition would be warranted. However, a review of the record and the arguments made by respondents informs the court that the motion can be granted on its merits.

**I.　Discussion**

　　　　Respondents move to dismiss the petition on the basis of procedural default of certain grounds and failure to exhaust others.

A.  Procedural Default

The doctrine of procedural default generally prohibits a federal court from considering a specific habeas ground where the state's highest court declined to reach the merits of that claim on procedural grounds. *See Murray v. Carrier*, 477 U.S. 478 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982). In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless he can demonstrate cause for the default, and actual prejudice, or demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750(1991). Before a federal court finds procedural default, it must determine that the state court explicitly invoked a state procedural bar as a separate basis for its decision. Id. at 729-30; *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir.1995), cert. denied, 517 U.S. 1150 (1996). The state rule cited must be "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court for the E. Dist. of Cal.*, 96 F.3d 1126, 1129 (9th Cir.1996).

Specifically, respondents argue that petitioner has defaulted grounds 1, part (A) of ground 2, and all of ground 4. According to the record, these various claims were presented to the Nevada Supreme Court on appeal from post-conviction and denied by that court on a procedural ground: i.e., that the claims should have been presented for review on direct appeal and that failure to do so waives them. Exhibit 11. The Nevada Supreme Court stated:

> Nasby also cited numerous instances of alleged prosecutorial misconduct and trial court error. The district court determined that these claims were waived by Nasby's failure to raise them on direct appeal. [fn. 13: *See* NRS 34.810(1)(b).] In an attempt to show good cause for his failure sufficient to overcome this procedural bar, [fn. 14: *See* NRS 34.810(3).] Nasby claimed his trial and appellate counsel were ineffective. To establish good cause to excuse a procedural default, a defendant must demonstrate that some impediment external to the defense prevented him from complying with the procedural rule that has been violated." [fn. 15: *Lozada v. State,* 110 Nev. 349, 353, 871 P.2d 944, 946 (1994).] Nasby failed to demonstrate that an impediment external to the defense caused his failure to raise these claims earlier. We therefore conclude the district

> court did not err in rejecting these claims. Nasby's claim that a fundamental miscarriage of justice will result if this court does not hear these claims is unsupported by any cogent argument and is insufficient to raise a colorable showing that he is actually innocent. [fn. 16: *Pellegrini v. State,* 117 Nev. 860, 887, 34 P.3d 519, 537 (2001).]
> Having reviewed Nasby's contentions and concluded they are without merit or procedurally barred, we Order the judgement of the district court Affirmed.

Exhibit 11, pp. 8-9.

The procedural rule relied upon by the Nevada Supreme Court has been held to be an independent state law ground adequate to support the court's decision. *Vang v. Nevada,* 329 F.3d 1069, 1074 (9th Cir. 2003).

Because petitioner has not provided this court with any argument as to the cause for his procedural default or any purported prejudice, these claims shall be dismissed with prejudice as procedurally barred.

    B.    <u>Exhaustion</u>

Next, respondents argue that part of ground 2 and grounds 5, 6, and 7 are unexhausted. As to ground 2, respondents argue petitioner previously complained to the state court about the prosecutor's actions in relation to jury instructions and the admissibility of a letter, (*see* Exhibit 10), but that he did not raise such claims related to the trial court's errors as are presented here in ground two. Here, petitioner argues his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments were violated because:

> The trial court erroneously allowed the introduction of prior bad acts evidence and failed to properly instruct the jury on multiple critical issues.
> A. The court erroneously delayed a ruling on a letter that showed evidence of prior bad acts [ ] and later ruled this same letter inadmissible.
> B. The Court erroneously allowed the introduction of prior bad acts evidence. The prosecutor, through testimony, opening and closing arguments repeatedly referred to alleged prior bad acts, that improperly placed petitioner's character at issue.

Petitioner (docket #10).

3

Respondents also argue that grounds 5, 6, and 7 were never presented to the state court as federal claims, making the instant claims unexhausted. A review of the record confirms the truth of this argument. The opening brief on appeal cites not federal constitutional violations and cites to Nevada state law almost exclusively . The Nevada courts were never given an opportunity to consider the claims in a federal constitutional light. Grounds 5,6, and 7 are unexhausted.

The motion to dismiss makes no arguments as to ground 3 of the petition, and the court construes this to mean that respondents believe this claim is ready for a review on its merits. However, because the petition contains both exhausted and unexhausted claims, the petition must be dismissed. A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). Should the petitioner seek a stay and abeyance under *Rhines v. Weber,* he must show good cause of his previous failure to exhaust and he must also demonstrate that the claims he has not exhausted are not clearly meritless. Failure to make such a showing will result in denial of the stay and abeyance and dismissal of the petition.

4

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #33) is **GRANTED IN PART AND DENIED IN PART.** The Court finds that grounds 1, 2(A), and 4 are procedurally defaulted and are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that grounds 2(B), 5, 6, and 7 are unexhausted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance demonstrating good cause for the failure to exhaust and that the claims are not clearly meritless, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. Petitioner shall thereafter have **twenty (20) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this 19th day of August, 2010.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE