UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRENDAN NASBY, | |
|     Petitioner, | 3:07-cv-0304-ECR-RAM |
| vs. | |
| E.K. McDANIEL, *et al.*, | **ORDER** |
|     Respondents. | |

Petitioner is a state prisoner proceeding with counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Subsequent to a decision on respondents' motion to dismiss the petition as mixed and as containing procedurally barred claims, petitioner elected to move for a stay of the proceedings under *Rhines v. Weber,* 544 U.S. 269 (2005).

In *Rhines*, the Supreme Court held that the Court's discretion to hold a petition in abeyance to allow for exhaustion of claims in state court is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277.   Even if petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.*

In this case, the Court does not find good cause to excuse petitioner's failure. Petitioner has made no attempt to show that he had good cause for his failure. Despite being specifically advised of the *Rhines* requirements to obtain a stay, petitioner merely states that a stay is requested without offering any excuse or making any attempt to show good cause. Accordingly, Petitioner's motion for stay of the proceedings shall be denied and the petition shall be dismissed.

**Certificate of Appealability**

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

/ / /

/ / /

/ / /

/ / /

2

IT IS THEREFORE ORDERED that the Motion for Stay and Abeyance (docket #41) is DENIED. The petition is DISMISSED WITH PREJUDICE. No certificate of appealability shall issue. The Clerk shall enter judgement accordingly.

Dated this 17th day of November, 2010.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE