UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRENDAN NASBY, ) | |
| ) | |
| Petitioner, ) | 3:07-cv-0304-ECR-RAM |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| E.K. McDANIEL, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

       Before the Court is petitioner's Motion for Reconsideration and Rehearing of the Order [denying the stay] and Judgment entered in this case on November 17, 2010 and November 18, 2010, respectively (ECF No. 51).  Respondents have not opposed the motion.

       The  motion for reconsideration is brought pursuant to F.R.C.P. 60(b) and was filed almost four months after the record on appeal was transmitted to the Ninth Circuit Court of Appeals. This Court retains jurisdiction to address this motion.  F.R.C.P. 60(c); *See Stone v. INS,* 514 U.S. 386, 115 S.Ct. 1537, 1547 (1995) ("[T]he pendency of an appeal does not affect the district court's power to grant Rule 60 relief."); *Ingraham v. United States,* 808 F.2d 1075, 1080-81 (5th Cir. 1987)

1  ("[A] Rule 60(b) motion may be entertained in the district court at any time within a year of
2  judgment, regardless of the pendency or even the completion of an appeal.")[1]
3         Under this rule, a party may obtain relief from judgment or an order due to clerical
4  mistakes or because of mistake, inadvertence, excusable neglect, fraud or newly discovered
5  evidence. Motions to reconsider are generally left to the discretion of the trial court. *See Combs v.*
6  *Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to
7  reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to
8  reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665
9  (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).
10        While acknowledging he has no constitutional right to the effective assistance of
11 counsel in post-conviction proceedings, petitioner, nonetheless argues that inadequate law library
12 resources and ineffective assistance of post-conviction counsel warrants reconsideration of the
13 Court's order of dismissal.  Petitioner contends that he was inaccurately advised by his appointed
14 counsel's assistant as to the procedures to obtain a stay and as to his obligations in that regard.[2]  He
15 further contends that the grounds found to be unexhausted were, in fact, properly federalized before
16 the state court and, had he possessed the record of those proceedings and proper access to legal
17 research materials, he could have presented arguments to that effect.  Finally, petitioner argues that
18 he was never consulted by counsel as to the Motion for Stay and Abeyance in order to provide the
19 requisite explanation as to why he failed to fully exhaust his claims; e.g., ignorance of the

---

[1] There is some question whether the Ninth Circuit would normally require petitioner to seek remand of the case in order to permit this Court to entertain his Rule 60(b) motion. *See, e.g. Rodgers v. Reynaga,* Slip Copy, 2010, WL 2402850. However, a copy of this Order will be forwarded to that Court for review and reaction, and the Circuit Court can determine if the procedure followed is appropriate.

[2] Petitioner provides copies of correspondence he had with his counsel's assistant which seems to support the contention that both he and counsel, or at least the assistant, were confused about the requirements for the motion for stay.

requirement and lack of access to federal habeas materials in Ely State Prison due to lock-down conditions and limited availability of legal resources/materials.

As an initial point, the Court finds that as represented by petitioner and supported by documentation, the legal resources afforded at the Ely State Prison, including the paging system employed there, may be constitutionally inadequate. In *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174 (1996), the United States Supreme Court held that " 'the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.' " *Id.,* at 346, 116 S.Ct at 2177 (quoting *Bounds v. Smith,* 430 U.S. 817, 825, 97 S.Ct. 1491, 1496 (1977) ). The various Law Library Supply and Book Request Forms submitted by petitioner demonstrate the near impossibility that an inmate will be able to obtain necessary research materials in a timely manner. The forms further demonstrate that the inmate must be fully informed of the available resources and even specific case law before such can be delivered. Similar exact-cite paging systems have been held to fail to meet the requirement that a prison ensure a reasonably adequate opportunity to present to the court a prisoner's claims that his or her fundamental constitutional rights have been violated. *See Koerschner v. Warden,* 508 F.Supp. 849, 859 (D. Nev. 2007); *see also Trujillo v. Williams,* 465 F.3d 1210, 1226-27 (10th Cir. 2006).[3]

The inadequacy of the law library aside, the Court notes that while represented by court-appointed counsel, petitioner did not file an opposition to the motion to dismiss which ultimately resulted in dismissal of his petition. This offers significant evidence of counsel's failure to engage in the representation, particularly when petitioner, in pro se, offers cogent, if not totally convincing arguments as to the exhaustion of his claims. The Court further notes that while represented by counsel, petitioner filed a bare-bones motion for stay and abeyance despite the Court

---

[3] While recognizing the potential security issues involved, this Court wonders why, with the advance of internet and computerized legal research resources, prisons have not incorporated these tools into the law library for use by inmates.

3

having informed petitioner and his counsel of the requirements of *Rhines v. Weber,* 544 U.S. 269 (2005). That motion offered nothing to show cause for the failure to exhaust his claims, and the correspondence between petitioner and his attorney's office strongly suggests that counsel did not believe any showing the required, despite this Court's order to the contrary. Petitioner has presented facts that also strongly suggest that, had counsel been more fully informed and engaged in this matter and a proper opposition to the motion to dismiss had been prepared and filed and had counsel prepared and filed a proper motion for stay and abeyance, the petition would not have been dismissed, but a stay would have been granted.

As to petitioner's arguments that the claims were, in fact, exhausted, the Court agrees that ground 2(b) was presented to the Nevada Supreme Court on appeal from denial of the post-conviction petition. However, as with the remainder of ground 2, even though it was presented to the Nevada Supreme Court in that appeal, it is procedurally barred under Nevada Revised Statutes 34.810(1)(b) because the court found the claim should have been presented on direct appeal and was not. *See* Exhibit 10 to the Motion to Dismiss. Grounds 5, 6, and 7, were, according to petitioner, presented in his original post-conviction petition to the state district court. They were not presented to the state's highest court for review, however, and they are not exhausted. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[4]

---

[4] 28 U.S.C. § 2254(b) states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The motion for reconsideration will be granted. The Order denying the motion for stay and abeyance (ECF No. 42) shall be vacated and Judgment (ECF No. 43) recalled. Petitioner shall be granted a stay of these proceedings and the matter shall be held in abeyance pending his return to state court to exhaust grounds 5, 6 and 7.

**IT IS THEREFORE ORDERED** that the Clerk shall transmit a copy of this Order to the Ninth Circuit Court of Appeals in the case number assigned to petitioner's appeal.

**IT IS FURTHER ORDERED** that, pending remand from the Circuit Court, the Motion for Reconsideration (ECF No. 51) is **GRANTED.** The Order denying the motion for stay and abeyance (ECF No. 42) is hereby vacated and the Judgment (ECF No. 43) **RECALLED**.

**IT IS FURTHER ORDERED** that ground 2(b) is **DISMISSED WITH PREJUDICE AS PROCEDURALLY BARRED.**

**IT IS FURTHER ORDERED** that this action is **STAYED** pending exhaustion of the unexhausted claim. Petitioner may move to reopen the matter following exhaustion of grounds 5, 6 and 7 of the petition.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner filing a state post-conviction petition or other appropriate proceeding in state court within forty-five (45) days from the entry of this order and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that the Clerk shall **ADMINISTRATIVELY CLOSE** this action, until such time as the Court grants a motion to reopen the matter**.**

Dated this 19th day of April, 2011.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE