# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRENDAN NASBY,

    Petitioner,

vs.

E.K. McDANIEL, *et al.*,

    Respondents.

Case No. 3:07-cv-00304-LRH-WGC

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. This matter comes before the Court on the merits of the petition.

**I. Procedural History**

    Petitioner was convicted in the Eighth Judicial District Court for the State of Nevada, pursuant to a jury verdict of the crime of first degree murder with the use of a deadly weapon and conspiracy to commit murder. (Exhibit 2).[1] The judgment of conviction was filed December 2, 1999. (*Id.*). On the conspiracy count, petitioner was sentenced to 48-120 months in the custody of the Nevada Department of Corrections. (*Id.*). On the murder count, petitioner was sentenced to life with the possibility of parole, plus an equal and consecutive term of life with the possibility of parole for the use of the deadly weapon. (*Id.*).

    Petitioner pursued a direct appeal, and on February 7, 2001, the Nevada Supreme Court affirmed petitioner's convictions. (Exhibit 4). Petitioner filed a post-conviction habeas petition in

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 34.

the state district court, as well as two memoranda of points and authorities in support of the petition. (Exhibits 6, 7, 8). The state district court denied the petition. (Exhibit 9). Petitioner appealed the denial of his postconviction habeas petition. (Exhibit 10). On June 18, 2007, the Nevada Supreme Court affirmed the denial of the postconviction habeas petition. (Exhibit 11). Remittitur issued on July 13, 2007. (Exhibit 12).

Petitioner dispatched his federal habeas petition to this Court on August 14, 2007. (ECF No. 10, at p. 1). On August 17, 2007, petitioner filed a motion for the appointment of counsel. (ECF No. 5). The Federal Public Defender was appointed to represent petitioner in this action, but counsel later withdrew due to a conflict of interest. (ECF Nos. 9, 12, 14). Counsel Scott Edwards then filed a notice of appearance, but later withdrew. (ECF Nos. 15, 23, 24). The Court then appointed counsel Mary Lou Wilson to represent petitioner, but Wilson also later withdrew as counsel. (ECF No. 25, 47, 48). Petitioner now proceeds *pro se* in this action.

By order filed August 19, 2010, the Court found Grounds 1, 2(a), and 4 to be procedurally defaulted and dismissed those grounds with prejudice. (ECF No. 35). In the order of August 19, 2010, the Court further ruled that Grounds 5, 6, and 7 were unexhausted. (*Id.*). Petitioner moved for a stay and abeyance for purposes of returning to state court to exhaust his unexhausted claims. (ECF No. 41). On November 17, 2010, the Court denied petitioner's motion for a stay and dismissed the petition with prejudice. (ECF No. 42). Judgment was entered on November 18, 2010. (ECF No. 43). Petitioner sought reconsideration of the Court's order denying a stay and dismissing the petition with prejudice. (ECF No. 51).

On May 13, 2011, the Court granted petitioner's motion for reconsideration. (ECF No. 55). In that order, the Court dismissed with prejudice Ground 2(b) of the petition as procedurally barred. (*Id.*). The Court vacated the judgment and granted petitioner's motion for a stay pursuant to *Rhines v. Weber*, so that petitioner could return to state court to exhaust Grounds 5, 6, and 7. (*Id.*). Pursuant to that order, this action was administratively closed. (*Id.*).

Petitioner filed a second post-conviction habeas petition in the state district court on February 18, 2011. By order filed June 17, 2011, the state district court denied petitioner's second state habeas petition as untimely. On February 8, 2012, the Nevada Supreme Court affirmed the

denial of petitioner's second state habeas petition as untimely, successive, abuse of the writ, and barred by latches. (ECF No. 63). Remittitur issued on March 5, 2012.

On April 19, 2012, the Court granted petitioner's motion to reopen the case. (ECF No. 62). Respondents have filed an answer to the remaining grounds of the petition. (ECF No. 67). Petitioner has filed a reply to the answer. (ECF No. 74).

**II. Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)). The formidable standard set forth in section 2254(d) reflects the view that habeas corpus is "'a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409). In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

In a federal habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the burden set in § 2254(d) and (e) on the record that was before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011).

**III. Discussion**

    **A. Ground 3**

Petitioner alleges that he received ineffective assistance of counsel in seven sub-claims within Ground 3. Specifically, petitioner alleges that: (1) Trial counsel was ineffective for failing to call any witnesses regarding an alibi, including Crystal Sobrian; (2) trial counsel was ineffective for failing to call any witnesses in rebuttal of the State's allegations of witness intimidation, including Porsche Nichols, or in support of Von Lewis' having threatened to kill the victim with a gun, including Madison Jones or Michelle McKinnon; (3) trial counsel had a conflict of interest after accepting employment with the public defender and waiting until after the sentencing to inform the court of the conflict based on the public defender's having represented two co-defendants; (4) trial counsel was ineffective for failing to investigate the defense and to present any evidence, including a videotape depicting Von Lewis threatening the victim with a gun, and trial counsel did

not notify the court after seeing the State intimidate a defense witness; (5) trial counsel was ineffective for failing to object to the accomplice instructions, failing to object to the court's failure to issue cautionary accomplice instructions, and failing to object when counsel for the State improperly vouched for witnesses; (6) trial counsel was ineffective for failing to allow the petitioner to testify at trial when he desired to do so; and (7) appellate counsel was ineffective for not raising the other sub-claims of Ground 3 on direct appeal.[2]  (Petition, ECF No. 10, at pp. 7A-7C).

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) counsel's performance was unreasonably deficient, and (2) that the deficient performance prejudiced the defense.  *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687).  To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness.  *Id.*  To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*  A reasonable probability is "probability sufficient to undermine confidence in the outcome."  *Id.*  Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight.  *Strickland,* 466 U.S. at 689.  It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy.  *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted).  If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard.  *See Yarborough v. Gentry,*

---

[2] Sub-claims 1-7 are referenced in the petition as sub-claims A-G.  (ECF No. 10).

540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 112-113, 129 S.Ct. 1411, 1413 (2009)). In *Cullen v. Pinholster*, the Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S.Ct. at 1398-1401. The United States Supreme Court has specifically reaffirmed the extensive deference owed to a state court's decision regarding claims of ineffective assistance of counsel:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.* at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S. at ___, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at ___, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, ___U.S. ___, 131 S.Ct. 770, 788 (2011). "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* at 787 (quoting *Strickland*, 466 U.S. at 689). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* (internal quotations and citations omitted).

The *Strickland* standard also applies to claims of ineffective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). To state a

-6-

claim of ineffective assistance of appellate counsel, a petitioner must demonstrate: (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the resulting prejudice was such that the omitted issue would have a reasonable probability of success on appeal. *Id.* "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. *Id*. at 751-52. Petitioner must show that his counsel unreasonably failed to discover and file nonfrivolous issues. *Delgado v. Lewis*, 223 F.3d 976, 980 (9th Cir. 2000). It is inappropriate to focus on what could have been done rather than focusing on the reasonableness of what counsel did. *Williams v. Woodford*, 384 F.3d 567. 616 (9th Cir. 2004) (citation omitted).

### 1. Sub-Claim 1

Petitioner alleges that trial counsel was ineffective for failing to call any witnesses regarding an alibi, including Crystal Sobrian. The Nevada Supreme Court rejected this claim, as follows:

> Nasby claimed that trial counsel, Joseph Sciscento and Frederick Santacroce, were ineffective for failing to call three witnesses whom Nasby claimed would have given him an alibi. At the evidentiary hearing, counsel testified that they were prepared to call these witnesses at trial, but before trial they were given a letter Nasby had written from jail that suggested Nasby was concocting his alibi. Counsel testified that they suspected the witnesses might give false testimony if called, and they could not ethically call them. Nasby also claimed counsel were ineffective for failing to re-interview these witnesses to investigate whether he in fact concocted the alibi. Nasby failed to demonstrate that counsel's re-interview of the alibi witnesses, whom Mr. Sciscento testified he had previously interviewed, would have negated counsel's concerns. We conclude that the district court did not err in denying this claim.
>
> Next, Nasby claimed that trial counsel were ineffective for not obtaining an earlier ruling on the admissibility of the letter referenced above. Nasby argued that failing to obtain a ruling allowed the State to reference the letter in opening argument and accuse Nasby by concocting an alibi. Nasby also claimed counsel were ineffective for failing to move to strike the State's reference to the letter after the district court ruled the letter inadmissible. Even assuming counsel were deficient in this regard, Nasby failed to demonstrate prejudice. We concluded in his direct appeal that the State's reference to the letter was not unfairly prejudicial. We therefore conclude that the district court did not err in denying this claim.

(Exhibit 11, at pp. 3-4). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Conclusory allegations will not overcome the presumption that the state court's findings are correct. *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2000). The Nevada Supreme Court cited to and reasonably applied the appropriate federal standard to petitioner's ineffectiveness of counsel claims. Petitioner has failed to demonstrate that his counsel's performance was deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief as to Ground 3, sub-claim 1.

### 2. Sub-Claim 2

Petitioner alleges that trial counsel was ineffective for failing to call any witnesses in rebuttal of the State's allegations of witness intimidation, including Porsche Nichols, or in support of Von Lewis' having threatened to kill the victim with a gun, including Madison Jones or Michelle McKinnon. The Nevada Supreme Court rejected this claim, as follows:

> Nasby also claimed that trial counsel were ineffective for failing to call Porsche Nichols to contradict Brittney Adams' testimony. Adams testified that Nasby wanted her to kill Tanesha Banks, who apparently was blaming Nasby for the murder. Our review of the record, including a transcript of a police interview of Nichols, reveals that Nichols' statement, while not as thorough as Adams' testimony, did not contradict it. Nasby also claimed counsel should have located and called Madison Jones and Michelle McKinrion to testify that they saw Charles Von Lewis threaten the victim with a gun. Nasby's defense was Von Lewis, not Nasby, was the killer. Nasby's assertion that these witnesses were available to trial counsel and would have so testified has no factual support in the record. We conclude that the district court did not err in rejecting these claims.

(Exhibit 11, at p. 4). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Conclusory allegations will not overcome the presumption that the state court's findings are correct. *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2000). The Nevada Supreme Court cited to and reasonably applied the appropriate federal standard to petitioner's ineffectiveness of counsel claim. Petitioner has failed to demonstrate that his counsel's performance was deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his burden of proving that

the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief as to Ground 3, sub-claim 2.

### 3. Sub-Claim 3

Petitioner alleges that trial counsel had a conflict of interest after accepting employment with the public defender and waiting until after the sentencing to inform the court of the conflict based on the public defender's having represented two co-defendants. The Nevada Supreme Court reviewed and rejected this claim, as follows:

> Nasby also claimed that trial counsel Joseph Sciscento was ineffective for representing him despite an alleged conflict of interest. Specifically, Nasby argued that a conflict arose when Sciscento accepted a position with the Special Public Defender, who represented one of Nasby's alleged coconspirators. Evidentiary hearing testimony established that Mr. Sciscento's agreement with the Special Public Defender allowed him to finish his existing cases. Mr. Sciscento testified that his files on this matter were kept in his private office, not at the Special Public Defender's office, that he performed his work on this case in his private office, and that he did not discuss this case with anyone at the Special Public Defender's office. The district court concluded that Mr. Sciscento did not have a conflict of interest. We conclude that the district court did not err in rejecting this claim.

(Exhibit 11, at pp. 4-5). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Conclusory allegations will not overcome the presumption that the state court's findings are correct. *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2000). The Nevada Supreme Court cited to and reasonably applied the appropriate federal standard to petitioner's ineffectiveness of counsel claim. Petitioner has failed to demonstrate that his counsel's performance was deficient due to a conflict of interest or that he was prejudiced under *Strickland*. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief as to Ground 3, sub-claim 3.

///

### 4. Sub-Claim 4

Petitioner claims that trial counsel was ineffective for failing to investigate the defense and to present any evidence, including a videotape depicting Von Lewis threatening the victim with a gun. Petitioner also alleges that trial counsel did not notify the court after seeing the State intimidate a defense witness. The Nevada Supreme Court rejected these arguments:

> Nasby next claimed that trial counsel was ineffective for failing to show the jury a videotape of Charles Von Lewis threatening the victim with a gun. At the evidentiary hearing, counsel testified that the videotape also contained imaging damaging to Nasby, including Nasby waving a gun around and "making comments." The record makes clear that counsel made a tactical decision not to show the videotape in order to avoid potential prejudice to their client. Counsel's tactical decisions are virtually unchallengeable absent extraordinary circumstances, which are not present here. We conclude that the district court did not err in rejecting this claim.
>
> Nasby further claimed that trial counsel were ineffective for not advising the district court that the prosecutor had shown Colleen Warner, one of his alibi witnesses, a letter from Nasby to Crystal Sobrian, in which Nasby disparaged and threatened Warner. Nasby claimed the prosecutor showed Warner the letter in an effort to convince her not to testify on Nasby's behalf. Nasby's claim that the State's action was in violation of a district court order is not supported by the record; the record reveals that before trial the prosecutor suggested he might use the letter in his case in chief. The court said that if he did so, Nasby's comments about Warner should be redacted. The prosecutor said he wanted to present "that information to [Warner] and see how she feels about him at this point," to which the district court responded, "I don't know about that." There was no order from the district court that the information not be disclosed outside the jury's presence. We conclude the district court did not err in rejecting the claim.

(Exhibit 11, at pp. 5-6). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Conclusory allegations will not overcome the presumption that the state court's findings are correct. *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2000). The Nevada Supreme Court cited to and reasonably applied the appropriate federal standard to petitioner's ineffectiveness of counsel claims. Petitioner has failed to demonstrate that his counsel's performance was deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling

was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief as to Ground 3, sub-claim 4.

### 5. Sub-Claim 5

Petitioner alleges that trial counsel was ineffective for failing to object to the accomplice instruction and failing to object to the court's failure to issue cautionary accomplice instructions. Petitioner also alleges that his counsel was ineffective for failing to object when counsel for the State improperly vouched for witnesses. The Nevada Supreme Court considered and rejected these claims. As to the claim that counsel was ineffective regarding the accomplice instructions, the Nevada Supreme Court held as follows:

> Nasby next claimed that trial counsel were ineffective for failing to request an accomplice-testimony instruction and failing to object to the district court's failure to give such an instruction. He failed to support this claim with any citation to the record or relevant legal authority. It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court. Even if counsel were deficient in this regard, Nasby failed to demonstrate prejudice in light of the fact that two witnesses testified that Nasby confessed to killing the victim and the murder weapon was found in his bedroom. We conclude the district court did not err in rejecting this claim.

(Exhibit 11, at p. 6). As to the claim that counsel was ineffective for failing to object to the prosecution improperly vouching for witnesses, the Nevada Supreme Court ruled as follows:

> Next, Nasby claimed that trial counsel were ineffective for failing to object to the prosecution's vouching for witnesses and misinforming the jury on the law on conspiracy, accomplice liability, and/or accessory. Nasby provided no citations to the record or legal authority to support these allegations. It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court. We note that the jury was properly instructed on the definition of conspiracy. We conclude the district court did not err in rejecting this claim.

(Exhibit 11, at pp. 6-7). Petitioner's allegations in the federal petition contain no more specificity than those asserted in the state habeas petition. The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Conclusory allegations will not overcome the presumption that the state court's findings are correct. *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2000). Petitioner has failed to demonstrate that his counsel's performance was deficient or that he was prejudiced

-11-

under *Strickland*. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief as to Ground 3, sub-claim 5.

### 6. Sub-Claim 6

Petitioner alleges that trial counsel was ineffective for failing to allow the petitioner to testify at trial when he desired to do so. The Nevada Supreme Court rejected petitioner's claim, as follows: "Nasby also claimed that trial counsel were ineffective for refusing to allow him to testify. He fails to cite to anything in the record indicating he wanted to testify and counsel prevented him from doing so." (Exhibit 11, at p. 7). Petitioner's allegations in the federal petition contain no more detail than what was asserted in the state habeas petition. The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Conclusory allegations will not overcome the presumption that the state court's findings are correct. *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2000). Petitioner has failed to demonstrate that his counsel's performance was deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief as to Ground 3, sub-claim 6.

### 7. Sub-Claim 7

Petitioner alleges that appellate counsel was ineffective for not raising the other sub-claims of Ground 3 on direct appeal. The Nevada Supreme Court rejected petitioner's claim that appellate counsel was ineffective: "Nasby also made a general claim that appellate counsel was ineffective 'for failure to raise all the meritorious issues in this memorandum of law.' Nasby failed to cite to the record or provide cogent argument or legal authority for how appellate counsel's performance was deficient and prejudiced him." (Exhibit 11, at p. 8). Petitioner's allegations of ineffective assistance of appellate counsel in the federal petition are bald and unsupported by facts or law. The

factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Conclusory allegations will not overcome the presumption that the state court's findings are correct. *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2000). Petitioner has failed to demonstrate that his appellate counsel's performance was deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief as to Ground 3, sub-claim 7.

**B. Grounds 5, 6, and 7**

**1. Grounds 5, 6, and 7 Were Procedurally Defaulted in State Court**

In Ground 5, petitioner alleges that there was no corroborating evidence for the State's witness, thus invalidating his conviction for murder and conspiracy. (Petition, at p. 11). In Ground 6, petitioner alleges that his due process rights were violated because the trial court erred in failing to provide a cautionary instruction to the jury regarding accomplice testimony. (Petition, at p. 13). In Ground 7, petitioner alleges that the trial court gave an erroneous "*Kazalyn* instruction" regarding premeditation. (Petition, at p. 15). In the order of August 19, 2010, this Court ruled that Grounds 5, 6, and 7 were unexhausted. (ECF No. 35). This Court granted petitioner a stay so that he could return to state court to exhaust Grounds 5, 6, and 7. (ECF No. 55). Petitioner filed a second post-conviction habeas petition in the state district court on February 18, 2011. By order filed June 17, 2011, the state district court denied petitioner's second state habeas petition as untimely. On February 8, 2012, the Nevada Supreme Court affirmed the denial of petitioner's second state habeas petition as untimely, successive, abuse of the writ, and barred by latches. (ECF No. 63). Remittitur issued on March 5, 2012.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state

-13-

court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

The claims raised in Grounds 5, 6, and 7 of the federal petition are the same claims that petitioner raised in his second post-conviction state habeas petition. The state district court denied the petition as untimely pursuant to NRS 34.726, successive pursuant to NRS 34.810(2), and as barred by latches pursuant to NRS 34.800. The Nevada Supreme Court also found the petition untimely pursuant to NRS 34.726(1), successive pursuant to NRS 34.810(1)(b)(2), an abuse of the writ pursuant to NRS 34.810(2), and barred by latches pursuant to NRS 34.800(2). The Nevada Supreme Court concluded that petitioner failed to demonstrate good cause to excuse the procedural bars. The Nevada Supreme Court rejected appellant's argument that inadequate access to the library at Ely State Prison was good cause to excuse the procedure bars. The Ninth Circuit Court of Appeals has held that the application of the procedural bars at issue in this case constitute independent and adequate state law grounds. *See Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996); *see also Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); Bargas v. Burns, 179 F.3d 1207, 1210-12 (9th Cir. 1999). This Court finds that petitioner's second state habeas petition, which asserted the same claims as Grounds 5, 6, and 7 of the federal petition, was procedurally defaulted on independent and adequate state law grounds.

If a claim is procedurally defaulted in state court, federal habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added).

In the reply, petitioner asserts that an error made during the litigation of his second state habeas petition constitutes cause and prejudice to excuse the procedural default. Specifically, petitioner alleges that after he filed his second state habeas petition attempting to exhaust Grounds 5, 6, and 7 in the state district court, a clerical error was made by the state district court, whereby the docket reflected that petitioner was represented by counsel, when in fact, he was not represented. Petitioner states that this error prevented him from participating in the case and deprived him of access to the courts. (Reply, at ECF No. 74). Assuming the truth of petitioner's assertion, the clerical error regarding the second state habeas petition could not have been cause to excuse the untimeliness of Grounds 5, 6, and 7, because the second state habeas petition, filed February 18, 2011, was already untimely on the date it was filed, as it was filed ten years after the issuance of remittitur from the direct appeal. The alleged clerical error by the state district court, regarding whether petitioner was represented by counsel in the second state habeas proceeding, occurred after that petition had been untimely filed by ten years, and therefore could not have been an objective factor that impeded petitioner's efforts to comply with state procedural rules. *See Murray*, 477 U.S. at 488.

Petitioner also asserts that the law library at Ely State Prison impeded his efforts to comply with state procedural rules. Petitioner asserts that the library at Ely State Prison is "insufficient" and prevented him from obtaining specific legal materials regarding Grounds 5, 6, and 7. Petitioner's arguments regarding insufficient access to an allegedly deficient prison law library fail to explain why petitioner could not have raised his claims either on direct appeal or in his first habeas petition, in both of which, he was represented by counsel. Petitioner has failed to demonstrate that any lack of access to the law library or any deficiency in the Ely State Prison's library constituted an external factor that impeded his efforts to comply with state procedural rules. Petitioner has shown neither cause and prejudice, nor that failure to consider Grounds 5, 6, and 7 will result in a fundamental

miscarriage of justice. This Court finds that the claims raised in Grounds 5, 6, and 7 of the federal habeas petition were procedurally defaulted in state court. As such, Grounds 5, 6, and 7 are subject to dismissal with prejudice as procedurally barred.

### 2. Merits Analysis of Grounds 5, 6, and 7

Even if Grounds 5, 6, and 7 were not procedurally barred, these grounds have no merit. In an abundance of caution, the Court now analyzes the merits of Grounds 5, 6, and 7 of the federal petition.

#### a. Ground 5

Petitioner alleges that there was no evidence corroborating the testimony of a State witness regarding his conviction for murder and conspiracy to commit murder. (Petition, at p. 11).

When a habeas petitioner challenges the sufficiency of evidence to support his conviction, the court reviews the record to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000). The *Jackson* standard does not focus on whether a correct guilt or innocence determination was made, but whether the jury made a rational decision to convict or acquit. *Herrera v. Collins*, 506 U.S. 390, 402 (1993). Under the *Jackson* standard, the prosecution has no obligation to rule out every hypothesis except guilt. *Wright v. West*, 505 U.S. 277, 296 (1992) (plurality opinion); *Jackson*, 443 U.S. at 326; *Schell*, 218 F.3d at 1023. *Jackson* presents "a high standard" to habeas petitioners claiming insufficiency of the evidence. *Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000).

Sufficiency claims are limited to a review of the record evidence submitted at trial. *Herrera*, 506 U.S. at 402. Such claims are judged by the elements defined by state law. *Jackson*, 443 U.S. at 324, n.16). The reviewing court must respect the exclusive province of the fact-finder to determine the credibility of witnesses, to resolve evidentiary conflicts, and to draw reasonable inferences from proven facts. *United States v. Hubbard*, 96 F.3d 1223, 1226 (9th Cir. 1996). The district court must assume the trier of fact resolved any evidentiary conflicts in favor of the prosecution, even if the determination does not appear on the record, and must defer to that resolution. *Jackson*, 443, U.S.

at 326.  The United States Supreme Court has recently held that "the only question under *Jackson* is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065, ___U.S. ___ (per curium) (2012).

On direct appeal, the Nevada Supreme Court considered and rejected the claim that there was insufficient corroborating evidence to support petitioner's conviction for murder:

> The record contains sufficient independent evidence to corroborate the accomplices' testimony that Nasby committed murder.  Among other things, two witnesses testified that Nasby admitted to them that he killed Michael and there was expert testimony that the weapon found at Nasby's residence was the murder weapon.  We therefore conclude that a reasonable jury could have been convinced of Nasby's guilt of murder beyond a reasonable doubt based on the corroborative evidence that connects Nasby to the murder.

(Exhibit 4, at p. 3).  Regarding petitioner's argument that there was no corroborating evidence of conspiracy to commit murder, the Nevada Supreme Court ruled:

> "[T]o sustain a conviction of conspiracy there must be independent proof of an agreement among two or more persons." Myatt v. State, 101 Nev. 761, 763, 710 P.2d 720, 722 (1985).  It is difficult to find direct evidence of a conspiracy.  Therefore, it often must be established "by inference from the conduct of the parties." Doyle, 112 Nev. at 894, 921 P.2d at 911.  Furthermore, a conspiracy conviction may be proved by "'a coordinated series of acts,' in furtherance of the underlying offense, 'sufficient to infer the existence of an agreement.'" Id.  (quoting Gaitor v. State, 106 Nev. 785, 790 n. 1, 801 P.2d 1372, 1376 n.1 (1990)).
>
> There was sufficient testimony to corroborate Deskin's testimony that there was an agreement.  Specifically, a witness testified that Nasby told her that he and three other people took Michael to the desert to shoot a new gun and Nasby shot Michael twice in their presence.  The witness further testified that Nasby told her that, as they got in the car to leave, someone said to get out and get the shells; however, Nasby got out and shot Michael a third time before they left.  We therefore conclude that a jury could be convinced of Nasby's guilt of a conspiracy to murder beyond a reasonable doubt based on the corroborative evidence together with Deskin's testimony.

(Exhibit 4, at pp. 3-4).  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  This Court finds that, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of murder and conspiracy to commit murder, beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. at 319. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was

-17-

contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Federal habeas relief is denied as to Ground 5 of the petition.

**b. Ground 6**

Petitioner alleges that the trial court failed to provide a cautionary instruction to the jury regarding accomplice testimony. (Petition, at p. 13).

To obtain federal habeas relief based on an improper jury instruction, petitioner must establish that the instruction, or failure to give an instruction, so infected the entire trial that the resulting conviction violates due process. *Masoner v. Thurman*, 996 F.2d 1003, 1006 (9th Cir. 1993); *Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe,* 431 U.S. 145, 154 (1977). In reviewing jury instructions, the court inquires as to whether the instructions as a whole were misleading or inadequate to guide the jury's deliberation. *U.S. v. Garcia-Rivera,* 353 F.3d 788, 791 (9th Cir. 2003) (citing *United States v. Frega,* 179 F.3d 793, 806 n.16 (9th Cir. 1999) (internal citations omitted). An instruction may not be judged in isolation, "but must be considered in the context of the instructions as a whole and the trial record." *Id.* Furthermore, jurors are presumed to follow the instructions that they are given. *U.S. v. Olano,* 507 U.S. 725, 740 (1993). Even if an instructional error is found, it is subject to harmless error review. *Calderon v. Coleman*, 525 US. 141 (1998) (citing *Brecht v. Abrahamson*, 507 U.S. 619 (1993)). The question on federal habeas review is whether the instructional error had a "substantial and injurious effect or influence in determining the jury's verdict." *Id.* In the present case, petitioner cites to no United States Supreme Court authority that dictates the necessity of a cautionary instruction to the jury regarding accomplice testimony. Moreover, petitioner has failed to show the absence of such an instruction infected the entire trial so that the resulting conviction resulted in a violation of due process. Federal habeas relief is denied as to Ground 6.

///
///
///

### c. Ground 7

Petitioner alleges that the trial court gave an erroneous "*Kazalyn* instruction" regarding premeditation. (Petition, at p. 15). The Nevada Supreme Court rejected this claim on the following basis:

> Finally, Nasby asserts that the trial court erroneously used instructions similar to those used in Kazalyn v. State, 108 Nev. 67, 75-76, 825 P.2d 578, 582-84 (1992), rather than the instruction adopted by this court in Byford v. State, 116 Nev. ___, 994 P.2d 700 (2000).
>
> This court, in Byford, considered the Kazalyn instruction and set forth more preferable instructions for future cases. In Bridges v. State, 116 Nev. ___, 6 P.3d 1000 (2000), this court held that, because Bridges was tried prior to the Byford decision, additional instruction pursuant to Byford was not required. Furthermore, in Garner v. State, 116 Nev. ___, 6 P.3d 1013 (2000), this court held that "with convictions predating Byford, neither the use of the Kazalyn instruction nor the failure to give instructions equivalent to those set forth in Byford provides grounds for relief." 116 Nev. at ___, 6 P.3d at 1025.
>
> Nasby's argument is without merit. Nasby was tried prior to the decision in Byford. As such, the Byford instructions were not required and the instructions that were given were sufficient.

(Exhibit 4, at pp. 6-7). Because petitioner's conviction predates the *Byford* decision, there can be no due process violation based on the trial court's failure to give instructions consistent with the *Byford* decision. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Federal habeas relief is denied as to Ground 7 of the petition.

### IV. Certificate of Appealability

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial

showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's denial of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

## V. Conclusion

**IT IS THEREFORE ORDERED** that the remaining grounds of the federal petition for a writ of habeas corpus are **DENIED**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED this 7th day of November, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE