# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRENDAN NASBY,

    Petitioner,

vs.

E.K. McDANIEL, *et al.*,

    Respondents.

Case No. 3:07-cv-00304-LRH-WGC

**ORDER**

    This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. By order filed November 7, 2014, this Court denied the petition and denied petitioner a certificate of appealability. (ECF No. 81). Judgment was entered on November 7, 2014. (ECF No. 82). On November 21, 2014, petitioner filed a notice of appeal. (ECF No. 83).

    On January 7, 2015, petitioner filed a motion to alter or amend judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] (ECF No. 87). On January 20, 2015, the United States Court of Appeals for the Ninth Circuit filed an order remanding the matter to this Court for the limited purpose of considering petitioner's Rule 59(e) motion. (ECF No. 88). On January 26, 2015, respondents filed an opposition to petitioner's Rule 59(e) motion. (ECF No. 89). Petitioner filed a reply on February 6, 2015. (ECF No. 90). On May 21, 2015, petitioner filed a "motion for summary judgment regarding petitioner's 59(e) motion to alter or amend judgment." (ECF No. 92).

---

[1] Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." However, by order filed December 5, 2014, this Court granted petitioner's motion for an extension of time in which to file his Rule 59(e) motion. (ECF No. 86).

1  A motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual
2  circumstances, unless the district court is presented with newly discovered evidence, committed
3  clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d
4  1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).
5  Federal courts have determined that there are four grounds for granting a Rule 59(e) motion: (1) the
6  motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2)
7  the moving party presents newly discovered or previously unavailable evidence; (3) the motion is
8  necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law.
9  *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

10  In the instant case, this Court properly denied the remaining grounds of the petition in the
11  order filed November 7, 2014. (ECF No. 81). In his motion to alter or amend judgment, petitioner
12  attempts to re-litigate issues that were raised, or could have been raised, in his reply to the answer.
13  In his recent motion for summary judgment, petitioner repeats the arguments raised in his motion to
14  alter or amend judgment. Petitioner has not identified any mistake, intervening change in
15  controlling law, or other factor that would require vacating the judgment. Petitioner has not shown
16  that manifest injustice resulted from dismissal of the action. Petitioner also has not presented newly
17  discovered or previously unavailable evidence. Petitioner has failed to make an adequate showing
18  to justify granting his Rule 59(e) motion. Moreover, petitioner's motion for summary judgment is
19  both inappropriate and lacking in merit, and therefore is denied.

20  **IT IS THEREFORE ORDERED** that petitioner's motion to alter or amend judgment (ECF
21  No. 87) is **DENIED.**

22  **IT IS FURTHER ORDERED** that petitioner's "motion for summary judgment regarding
23  petitioner's 59(e) motion to alter or amend judgment" (ECF No. 92) is **DENIED.**

24  **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL SEND** a copy of this order
25  to the United States Court of Appeals for the Ninth Circuit.

DATED this 12th day of June, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE