# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRENDAN NASBY,

    Petitioner,

vs.

E.K. McDANIEL, *et al.*,

    Respondents.

Case No. 3:07-cv-00304-LRH-WGC

**ORDER**

    This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. By order filed November 7, 2014, this Court denied the petition and denied petitioner a certificate of appealability. (ECF No. 81). Judgment was entered on November 7, 2014. (ECF No. 82). On November 21, 2014, petitioner filed a notice of appeal. (ECF No. 83).

    On June 15, 2015, this Court denied petitioner's motion for relief from judgment and petitioner's motion for summary judgment. (ECF No. 93). On June 22, 2015, petitioner filed an amended notice of appeal regarding the order denying his motion for relief from judgment and his motion for summary judgment. (ECF No. 94). By order filed July 8, 2015, this Court denied petitioner's request for a certificate of appealability. (ECF No. 97).

    Petitioner has filed another motion for reconsideration, citing Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 100). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

///

>(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion under Rule 60(b) must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Relief based on mistake, newly discovered evidence, or fraud must be sought within one year of final judgment. Fed. R. Civ. P. 60(c)(1).

Motions to reconsider are generally left to the discretion of the district court. *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001). A district court has discretion not to consider claims and issues that were not raised until a motion for reconsideration. *Hopkins v. Andaya*, 958 F.2d 881, 889 (9th Cir. 1992). It is not an abuse of discretion to refuse to consider new arguments in a Rule 60(b) motion even though "dire consequences" might result. *Schanen v. United States Dept. of Justice*, 762 F.2d 805, 807-08 (9th Cir. 1985). Moreover, motions for reconsideration are not justified on the basis of new evidence which could have been discovered prior to the court's ruling. *Hagerman v. Yukon Energy Corp.*, 839 F.3d 407, 413-14 (8th Cir. 1988); *see also E.E.O.C. v. Foothills Title*, 956 F.2d 277 (10th Cir. 1992). Mere disagreement with an order is an insufficient basis for reconsideration. A motion for reconsideration should not be used to make new arguments or ask the Court to rethink its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

In the instant motion for reconsideration, petitioner seeks reconsideration of this Court's order denying his prior motion for reconsideration. Petitioner argues old facts that should have been presented in his reply to the answer. Petitioner seeks reconsideration based on two letters from his counsel, dated March 27, 2000, and April 11, 2006, which he previously submitted to this Court. (*See* ECF No. 85, at p. 8 & p. 10). Petitioner contends that these letters were "previously unavailable." (ECF No. 100, at p. 11). Petitioner further contends that, because this Court granted his motion for an extension of time to file a post-judgment motion, the Court "effectively agreed that the two letters Nasby presented were previously unavailable evidence . . . ." (ECF No. 100, at

p. 11). Petitioner's contentions are false. The letters are old, dated in the years 2000 and 2006, and have been in petitioner's possession since those times. The letters are not newly discovered evidence. Further, petitioner's argument that Justice Cherry's concurring opinion in the successive post-conviction appeal (ECF No. 100, at p. 38) somehow constitutes a change in the law that obviates this Court's earlier ruling is meritless. Moreover, petitioner's argument that the record demonstrates "conflicting judgments" is nonsensical and meritless. This Court's order of November 7, 2014, which found the procedural default of Grounds 5, 6, and 7 and the denial of the merits of Ground 3 involved straightforward and routine applications of established law. (*See* ECF No. 81). Petitioner has failed to make an adequate showing to justify granting his Rule 60(b) motion for reconsideration.

Petitioner has also filed a motion to extend his prison copywork limit. (ECF No. 101). Petitioner seeks an order directing the NDOC to extend his prison copywork limit to $500.00. (*Id.*). Petitioner has not shown good cause why he requires his copywork limit to be extended. At this juncture, there are no pending deadlines for petitioner. Moreover, petitioner was appointed counsel for his pending appeal. (ECF No. 107). Petitioner's motion to extend his prison copywork limit is denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for relief from judgment (ECF No. 100) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for an extension of prison copywork limit (ECF No. 101) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability regarding this order.

DATED this 6th day of September, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

-3-