# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRENDAN NASBY,

    Petitioner,

vs.

E.K. McDANIEL, *et al.*,

    Respondents.

Case No. 3:07-cv-00304-LRH-WGC

**ORDER**

    This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner represented by counsel.

    On August 19, 2010, this Court entered an order dismissing Grounds 1, 2(a), and 4 as procedurally defaulted and ruling that Grounds 2(b), 5, 6, and 7 were unexhausted. (ECF No. 35). On November 17, 2010, this Court denied petitioner's motion for a stay and abeyance in which to exhaust his unexhausted claims. (ECF No. 42). On May 13, 2011, the Court granted petitioner's motion for reconsideration and granted petitioner a stay to exhaust Grounds 5, 6, and 7. (ECF No. 55). In the same order, the Court dismissed Ground 2 as procedurally defaulted. (*Id.*).

    On November 7, 2014, this Court entered an order denying the remaining grounds of the petition and denying a certificate of appealability. (ECF No. 81). Judgment was entered the same date. (ECF No. 82). Petitioner appealed. (ECF No. 83). On January 7, 2015, petitioner filed a Rule 59 motion to alter or amended judgment. (ECF No. 87). By order filed June 15, 2015, the Court denied petitioner's Rule 59 motion. (ECF No. 93). Petitioner filed an amended notice of appeal on June 15, 2015. (ECF No. 94). On July 8, 2015, the Court denied petitioner's request for

a certificate of appealability regarding the Court's ruling denying petitioner's Rule 59 motion. (ECF No. 97). On October 26, 2015, petitioner filed a motion for relief from judgment under Rule 60, which the Court denied. (ECF No. 100 & 108). Pursuant to the Court of Appeals' order to appoint counsel to represent petitioner in his appeal, on November 24, 2015, this Court appointed Thomas Qualls, Esq., as counsel for petitioner. (ECF No. 107).

On April 10, 2017, the United States Court of Appeals for the Ninth Circuit entered a published memorandum opinion vacating this Court's denial of the petition and remanding with instructions. ECF No. 109; *Nasby v. McDaniel*, 853 F.3d 1049 (9th Cir. 2017)[1]. The Court of Appeals held that this Court erred in ruling on the merits of the petition without first requiring the State to submit all relevant portions of the state court record. *Nasby v. McDaniel*, 853 F.3d at 1049-50. Specifically, the Court of Appeals noted that this Court never obtained or reviewed the transcript of petitioner's trial or the transcript of the evidentiary hearing that the state court conducted on the post-conviction petition. *Id.* at 1052. The Court of Appeals ruled that, under *Jones v. Wood*, 114 F.3d 1002 (9th Cir. 1997), a habeas court must either obtain and review the relevant portions of the state court record or conduct an evidentiary hearing on its own. The Court emphasized that "meaningful collateral review of the state court's adjudication of petitioner's claim requires an 'independent' assessment of the basis for the state court's decision." *Nasby*, 853 F.3d at 1053 (citing *Jones*, 114 F.3d at 1008). The Court of Appeals held that, in not obtaining and reviewing the relevant portions of the state court record, this Court did not perform an "independent review" of the basis for the state court's decision. *Nasby*, 853 F.3d at 1053. The Court of Appeals emphasized that, "to accept the state court's description of the facts or to uphold its application of law without independently evaluating what supports (or does not support) the court's determination of the facts and what factual basis justifies (or does not justify) the court's application of the law is inconsistent with the responsibilities of a federal habeas court under Section 2254(d)." *Id.* at 1055.
///

---

[1] The Court of Appeals issued its mandate on May 2, 2017 (ECF No. 110). This Court issued its order on mandate on May 18, 2017 (ECF No. 111).

In its opinion, the Court of Appeals indicated that it certified several issues for appeal, including "whether the district court erred in ruling on the merits of Nasby's claims without first requiring the State to submit all relevant portions of the state record, including trial and evidentiary hearing transcripts." *Nasby*, 853 F.3d at 1052. "Because we conclude that the district court did err in this regard and that the case must therefore be remanded for further proceedings, *including a further review of the other certified issues*, we do not consider the merits of those issues here." *Id.* (emphasis added). The Court of Appeals set forth the certified issues as follows:

> The certified issues were: "(1) Whether trial counsel was ineffective due to a conflict of interest; (2) whether the district court erred in failing to address the claim that appellate counsel was ineffective for failing to raise Grounds 1 and 2, and for failing to federalize the claims that counsel did raise; (3) whether the district court properly concluded that the prosecutorial misconduct and violation of *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L. Ed. 2d 246 (1964) claims were procedurally defaulted; and (4) whether the district court erred in ruling on the merits of Nasby's claims without first requiring the State to submit all relevant portions of the state record, including trial and evidentiary hearing transcripts." We also certified for appeal the question "whether the district court properly denied appellant's motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e)."

*Id.*, n.4. The Court of Appeals specified that "on remand, the district court should order the State to submit the relevant portions of the state court record and, after examining them, newly adjudicate Nasby's petition." *Id.* at 1054.

This Court notes that the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254 requires the following:

> The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

Rule 5(c), Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. Rule 5 goes on to require that respondents file copies of all briefs submitted in state court challenging the criminal judgment or in post-conviction proceedings, as well as the opinions and

-3-

dispositive orders of the appellate court relating to the conviction or sentence. Rule 5(d), Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

In this case, respondents utterly failed to comply with Rule 5. When respondents filed exhibits on July 13, 2010 (ECF No. 34), they failed to include all relevant portions of the state court record, in all the ways set forth in the Court of Appeals' opinion. Significantly, as noted by the Court of Appeals, respondents omitted transcripts of petitioner's trial and the transcript of the evidentiary hearing on petitioner's post-conviction habeas petition in state court. Obviously, respondents' assessment of the relevant parts of the state court record was entirely lacking. Therefore, the Court today orders that respondents shall file the *entire* state court record, including but not limited to, all trial transcripts and all transcripts of hearings held on petitioner's post-conviction petition in state court. In submitting the entire state court record, respondents must fully comply with all requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. Because respondents' index of exhibits filed July 13, 2010 at ECF No. 34 is incomplete, respondents may not rely on that set of exhibits going forward in this action. For the sake of clarity and completeness, in submitting the entire state court record, respondents shall file a new index of exhibits arranged chronologically, which of course will contain the exhibits already filed on July 13, 2010, along with the rest of the state court record.

**IT IS THEREFORE ORDERED** that the Clerk of Court **SHALL REOPEN** this action.

**IT IS FURTHER ORDERED** that, within **forty-five (45) days**, respondents **SHALL FILE THE ENTIRE STATE COURT RECORD**, including but not limited to, all trial transcripts and all transcripts of hearings held on petitioner's post-conviction petition in state court. The exhibits consisting of the entire state court record shall be indexed, labeled, and arranged chronologically.

**IT IS FURTHER ORDERED** that, within **forty-five (45) days**, respondents **SHALL FILE AN ANSWER** to the petition. The answer shall include substantive arguments addressing the merits of all grounds of the federal habeas petition. The answer also shall address the specific issues that were certified by the Court of Appeals. The arguments in respondents' answer shall be supported by specific citations to the relevant parts of the state court record. To the extent that

respondents may seek to raise procedural defenses to any grounds of the petition, such arguments shall be included in the answer, and shall be supported by specific citations to relevant parts of the state court record.

**IT IS FURTHER ORDERED** that petitioner **SHALL FILE A REPLY** to the answer, within **forty-five (45) days** after being served with the answer. The reply shall include substantive arguments addressing the merits of all grounds of the federal habeas petition. The reply also shall address the specific issues that were certified by the Court of Appeals. The arguments in petitioner's reply shall be supported by specific citations to the relevant parts of the state court record.

**IT IS FURTHER ORDERED** that the parties shall submit only one set of exhibits to avoid duplicity on the docket. After respondents file the entire state court record, if petitioner wishes to file additional exhibits not included in respondents' exhibits, he shall file only the supplemental exhibits, rather than filing a complete set of all exhibits.

**IT FURTHER IS ORDERED** that all exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. A hard copy (courtesy copy) of all exhibits shall be forwarded, for this case, to the staff attorneys in **Reno, Nevada.**

DATED this 7th day of June, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE