UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRENDAN NASBY,

           Petitioner,

v.

E.K. MCDANIEL, et al.,

           Respondents.

Case No. 3:07-cv-00304-LRH-WGC

ORDER

On June 7, 2017, following remand from the Court of Appeals, this Court ordered respondents to file the "*entire* state court record." (ECF No. 113 at 4). On August 3, 2017, respondents filed portions of the state court record. (ECF Nos. 117-21). Even a cursory review of the exhibit index reveals that what respondents have filed is far from the complete state court record, as not one of the State's responses or petitioner's replies related to petitioner's five postconviction petitions and his motion to alter or amend judgment is included.[1] (*See* ECF No. 117). Perhaps more significantly, there is nothing from petitioner's pretrial proceedings, including but not limited to pretrial motions. While the Court does not have direct access to the filings in petitioner's underlying criminal case, the docket of that matter certainly suggests that numerous filings have been omitted from the record filed by respondents.[2] This includes a motion to revoke petitioner's jail privileges, which, although now a part of the record, was not

---

[1] The fifth postconviction motion – that filed in the Eleventh Judicial District Court and transferred to the Eighth Judicial District Court where it was decided on June 20, 2017 – is itself also missing, (s*ee* ECF No. 121-9 (Ex. 28), although respondents at least acknowledge that this petition is missing. As to that petition, respondents assert they could not find the petition "in that court" – presumably referencing the Eighth Judicial District Court. Whether the petition might be located in the Eleventh Judicial District Court is unclear.

[2] The Court takes judicial notice of the docket in petitioner's underlying case, which may be accessed via a search for petitioner's name on https://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=0 (last accessed Oct. 17, 2018).

1

filed by respondents. (*See* ECF No. 127-2 (Reply Ex. 2)). Also missing from the record are a motion in limine to preclude evidence of witness intimidation and a motion in limine to preclude evidence of other guns. Finally, as respondents acknowledge, there is no decision from the Nevada Supreme Court or Court of Appeals with respect to petitioner's 2016 petition. (ECF No. 116 at 20). The Nevada Court of Appeals issued a decision on this appeal (ECF No. 121-5 (Ex. 24)) on July 12, 2017, although remittitur was stayed until May 18, 2018. *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=38844 (last accessed Oct. 17, 2018).

As a further note, Exhibit 1 filed on CM/ECF (ECF No. 117-1) is an information, but it is not the petitioner's information. It further differs from the hard copy of Exhibit 1 provided to the Court, which contains not only petitioner's actual information, but also notices of witness testimony and a forensic report. It is unclear what exactly respondents intended to file as Exhibit 1, but Exhibit 1 on the electronic docket does not appear to be correct.

Respondents filed an incomplete state court record and thus failed to comply with the Court's explicit directive that respondents file the "*entire* state court record." As discussed in the Court's prior order, respondents' assessment of the relevant parts of the state court record was previously lacking, which is why the Court ordered them to provide the *entire* state court record. Even if the Court had not previously ordered respondents to file the entire state court record, the documents that have been omitted from the record currently before the Court strongly suggest that respondents continue to omit relevant documents.

Accordingly, IT IS THEREFORE ORDERED that within thirty days of the date of this order, respondents shall file a supplement to the state court record including all available documents that were previously omitted, including but not limited to the documents discussed above.

IT IS SO ORDERED.

DATED this 17th day of October, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE