UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRENDAN NASBY, | Case No. 3:07-cv-00304-LRH-WGC |
| Petitioner, | |
| v. | **ORDER** |
| E.K. MCDANIEL, et al., | |
| Respondents. | |

This is a habeas corpus proceeding commenced under 28 U.S.C. § 2254 by Petitioner Brendan Nasby, a Nevada prisoner who is represented by counsel. Currently before the Court is Respondents' Motion to Strike (ECF No. 182). Nasby has opposed (ECF No. 184), and Respondents have replied (ECF No. 185). For the reasons discussed below, Respondents' motion is granted in part and denied in part.

## I. BACKGROUND[1]

### A. Criminal Case and Post-Conviction Proceedings

Nasby challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County, Nevada ("state court") pursuant to a jury verdict finding him guilty of first-degree murder and conspiracy to commit murder. (ECF No. 119-3.) The state court entered a judgment of conviction in December 1999. (ECF No. 134-4.) Nasby appealed. He argued that the state court erred by failing to (i) provide a cautionary jury instruction regarding accomplice testimony, or (ii) properly instruct the jury on willfulness, deliberation, and premeditation with a so-called *Kazalyn*[2] jury instruction that purportedly relieved the state of its burden to prove the

---

[1] The parties and the Court are familiar with the facts and extensive procedural history of this federal case and the state proceedings. As such, the Court will only address the background relevant to Respondents' current motion.

[2] *Kazalyn v. State*, 108 Nev. 67, 825 P.2d 578 (1992), *receded from by Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000).

1

elements of willfulness, deliberation, and premeditation required for first degree murder. (ECF No. 134-5 at 20–24.) The Nevada Supreme Court affirmed Nasby's conviction on February 7, 2001. (ECF No. 134-6.)

In January 2002, Nasby filed a state petition for writ of habeas corpus ("state petition"). (ECF No. 134-7.) Among other *pro se* claims, Nasby argued his due process rights were violated when the state court gave the jury an erroneous malice instruction combined with a problematic reasonable doubt instruction. (*Id.* at 9; ECF No. 138-12 at 44–48.) He later filed a counseled supplement repeating the same claim. (ECF No. 134-8 at 30–33.) The state court found that Nasby's claims of trial court error were barred by NRS 34.810(1)(b)(2),[3] and denied all post-conviction relief. (ECF No. 139-26 at 3–4, ¶¶ 7–8.)

Nasby filed a post-conviction appeal. He claimed that the state court erroneously allowed the introduction of prior bad act evidence and failed to properly instruct the jury on multiple critical issues. (ECF No. 135-2 at 5, 28.) The supporting argument did not discuss any jury instruction. (*Id.* at 28–30.) In June 2007, the Nevada Supreme Court affirmed the denial of post-conviction relief. (ECF No. 135-3.)

## B. Federal Habeas Proceedings

Nasby dispatched a *pro se* federal petition to this Court on August 14, 2007. (ECF No. 10 ("original petition").) With regard to jury instructions, the original petition alleged three due process grounds for relief:

- Ground 2 – the state court erroneously allowed the introduction of prior bad act evidence and failed to properly instruct the jury on multiple critical issues: (A) the court erroneously delayed a ruling on a letter showing evidence of prior bad acts, and (B) the court erroneously allowed the introduction of prior bad act evidence. (*Id.* at 6.)

- Ground 6 – the state court failed to provide a cautionary jury instruction regarding

---

[3] NRS 34.810(1)(b)(2) instructs Nevada courts to dismiss a state habeas petition if

> The petitioner's conviction was the result of a trial and the grounds for the petition could have been … [r]aised in a direct appeal or a prior petition for a writ of habeas corpus or postconviction relief … unless the court finds both cause for the failure to present the grounds and actual prejudice to the petitioner.

|  |  |
|---|---|
| 1 | accomplice testimony.  (*Id.* at 16.) |
| 2 | • Ground 7 – the state court failed to properly instruct the jury on willfulness, deliberation, |
| 3 | and premeditation based on the flawed *Kazalyn* instruction.  (*Id.* at 18.) |

In April 2019, Nasby was granted leave to amend his original petition "to elaborate on his existing claims to the extent they are bare, conclusory, or insufficiently pled or cited."  (ECF No. 173 at 2.)  As he did not seek leave to include additional claims, the Court expressly stated that no such leave was granted.  (*Id.* at 1:26–27.)

Nasby filed his Amended Petition (ECF No. 176) in July 2019, and included two new subclaims to Ground 2 challenging: (C) the state court's failure to give an accomplice instruction (*id.* at 30), and (D) the state court issued an erroneous malice instruction combined with a problematic reasonable doubt instruction (*id.* at 30–34).

### C. The Parties' Positions

Respondents now move to strike the Amended Petition for failure to comply with the Court's Order (ECF No. 173) granting narrow leave to amend.  They contend that Nasby did not raise Ground 2(D) in his original petition and the pleading is devoid of any reference to or facts regarding malice and reasonable doubt instructions.  Respondents therefore ask the Court to strike the Amended Petition.  In the alternative, they request permission to file an appropriate response, such as a motion to dismiss, because Ground 2(D) presents dispositive procedural flaws including lack of exhaustion or relation back to the original petition.

Nasby opposes the motion, asserting that his Amended Petition complies with the Court's order because Ground 2(D) is merely an elaboration of Ground 2 of the original petition alleging the state court "Failed to Properly Instruct the Jury on Multiple Critical Issues."  (ECF No. 10 at 5.)  Although he concedes that Ground 2 did a "poor job" pleading details of the purported errors, he maintains that he listed the erroneous jury instructions for "multiple critical issues" elsewhere in the original petition, including Ground 7 challenging the *Kazalyn* instruction.  (*Id.* at 4–5.)  Nasby contends that Ground 2(D) shows that errors with the *Kazalyn* instruction as well as instructions on reasonable doubt and malice individually or cumulatively resulted in a due process

violation. He further argues that Ground 2(D) was raised in the state court habeas proceedings.[4] In the alternative, Nasby asks the Court for leave to add Ground 2(D) under Rule 15(a)(2) of the Federal Rules of Civil Procedure.[5] He argues that justice so requires because he was previously denied his fundamental right of meaningful access to the courts.

In their reply, Respondents contend that Nasby's expansive interpretation of the Court's order would permit him to raise new claims regarding any jury instruction. This interpretation, they argue, is overly broad and contradicts the Court's specific prohibition of new claims. Respondents point out that Nasby presented Ground 2(D) to the state court in his state habeas proceedings but did not raise the issue before the Nevada Supreme Court or Nevada Court of Appeals on direct appeal or any of his multiple post-conviction appeals. Should the Court allow Ground 2(D) to proceed, Respondents ask for leave to file an appropriate response, including a motion to dismiss, to raise procedural defenses such as exhaustion and relation back.

## II.  DISCUSSION

### A.  Ground 2(D) is a New Claim

As a threshold matter, the Court finds that Ground 2(D) exceeds the limited permission Nasby was granted "to elaborate on his existing claims to the extent they are bare, conclusory, or insufficiently pled or cited." (ECF No. 173 at 2.) Rule 2(c) of the Rules Governing Section 2254 Cases[6] requires a federal habeas petition to specify all grounds for relief and "state the facts supporting each ground." *See also Mayle v. Felix*, 545 U.S. 644, 655–56 (2005) (notice pleading does not satisfy specific pleading requirements for federal habeas petitions since "it is the

---

[4] Nasby's opposition cites to his *pro se* state habeas petition, supporting memorandum, and counseled supplement to support exhaustion. (ECF No. 184 at 4 (citing ECF Nos. 34-4, 34-6, 34-7, 34-8, *corresponding with* ECF Nos. 134-7, 134-8, 138-12).)
 The state court record Respondents initially submitted in this action was incomplete, prompting a Ninth Circuit remand and multiple court orders requiring fulsome disclosure of the "*entire* state court record." (ECF Nos. 109, 113, 129.) Respondents refiled the state court record at ECF Nos. 132–149, 158–163, 186. To avoid confusion, the parties must cite to these refiled exhibits moving forward and refrain from citing previously filed exhibits unless necessary.

[5] All references to a "Civil Rule" or the "Civil Rules" in this order refer to the Federal Rules of Civil Procedure.

[6] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

relationship of the facts to the claim asserted that is important") (citation omitted).

No ground for relief in Nasby's original petition alleged error regarding jury instructions for malice or reasonable doubt. Because he did not, at a minimum, identify such instructions anywhere in the original petition, there was no bare, conclusory, or insufficiently pled or cited claim upon which to elaborate. In contrast, the original petition identified an accomplice instruction and *Kazalyn* instruction in multiple claims—Grounds 4, 6, and 7. (ECF No. 10 at 12, 16, 18.) This distinguishes Ground 2(C) regarding an accomplice instruction from Ground 2(D). Ground 2(C) adds further detail to Nasby's existing—albeit bare—allegations. Without any mention of malice and reasonable doubt instructions in the original petition, the addition of Ground 2(D) in the Amended Petition raises a wholly new claim. Accordingly, the Court must determine whether leave to amend is warranted for Ground 2(D).

### B.    Leave to Amend for Ground 2(D) is Futile

A petition for habeas corpus may be amended under the Civil Rules. 28 U.S.C. § 2242; *see also* Habeas Rule 12 (providing that the Civil Rules may be applied to habeas petitions to the extent they are not inconsistent with the Habeas Rules). Federal courts evaluate a motion to amend a habeas petition under Rule 15. *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001). Rule 15(a)(2) states that leave to amend should be freely given "when justice so requires." But leave to amend "is not to be granted automatically," and the court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal punctuation omitted).

Leave to amend a habeas petition may be denied based upon futility alone. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 2004). To assess futility, the court necessarily evaluates whether relief is available on the merits of the proposed claim. *Caswell v. Calderon*, 363 F.3d 832, 837–39 (9th Cir. 2004) (conducting a two-part futility analysis reviewing both exhaustion of state court remedies and the merits of the proposed claim). If a proposed claim is untimely, unexhausted, or otherwise fails as a matter of law, amendment should be denied as futile. *See id.*

Here, leave to amend is futile because the state court record establishes that Ground 2(D) fails to relate back to the original petition and is not exhausted.

### 1. Relation Back

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. Under Rule 15, an untimely amendment properly "relates back to the date of the original pleading" as long as it arises out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c). For habeas petitions, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659. An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. *Id.* at 650.

Subclaim (D) does not to relate back to Ground 2 or any other claim in the original petition. Ground 2 of the original petition states in its entirety:

> The Trial Court Erroneously Allowed The Introduction Of Prior Bad Act Evidence And *Failed To Properly Instruct The Jury On Multiple Critical Issues*.
>
> A. The Court Erroneously delayed a Ruling on a Letter that Showed Evidence of Prior Bad Acts.
>
> The Trial Court was presented with a letter allegedly written by Petitioner that contained evidence of prior bad acts. The Court delayed its Ruling, and the Prosecutor presented this letter in his opening statement. The Court later ruled this same letter inadmissible.
>
> B. The Court Erroneously Allowed the Introduction of Prior Bad Acts Evidence.
>
> The Prosecutor, through testimony, opening and closing arguments, repeatedly refered [*sic*] to alleged prior bad acts, that improperly placed Petitioner's character at issue.

(ECF No. 10 at 6 (emphasis added).) Although Ground 2 mentions erroneous jury instructions on multiple critical issues, the allegations focus on the introduction of prior bad acts evidence. Even applying liberal construction of *pro se* pleadings to the fullest possible extent, the mere reference to jury instructions is too conclusory to unite subclaim (D) to the original Ground 2. Additionally, Nasby failed to allege any error regarding malice or reasonable doubt jury instructions elsewhere in the original petition. For these reasons, Ground 2(D) arises from operative facts different in

time and type from the original Ground 2 or any other substantive claim and therefore fails to relate back to the original petition.

### 2. Exhaustion

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a petitioner "must 'fairly present' his claim *in each appropriate state court*"); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). Where a petitioner raises a claim before a state trial court and then fails to present that claim for appellate review to the state's highest court, he has not satisfied the exhaustion requirement. *E.g.*, *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) ("[T]o exhaust a habeas claim, a petitioner must properly raise it *on every level of direct review*." (emphasis added)); *Custer v. Hill*, 378 F.3d 968, 974 (9th Cir. 2004) (exhaustion not met where state petition included a claim for ineffective assistance of counsel but petition for review in state supreme court did not reference that claim).

Here, the record reflects that Nasby presented Ground 2(D) to the state court, both *pro se* and with counsel's help. (ECF Nos. 134-7, 134-8, 138-12.) However, Ground 2(D) was omitted from his counseled appellate brief. (ECF No. 135-2.) The Nevada Supreme Court did not address malice or reasonable doubt instructions in its decision. (ECF No. 135-3.) Nasby argues that Ground 2(D) was raised in the state habeas proceedings, but he does not point to any appellate brief presenting the issue. (ECF No. 184 at 4.) His failure to raise the malice or reasonable doubt instructions before Nevada's appellate courts leaves Ground 2(D) unexhausted.[7]

In sum, because the original petition lacks any reference to malice or reasonable doubt instructions, Ground 2(D) alleges a new claim and exceeds the scope of the Order allowing Nasby

---

[7] It appears that subclaim (D) would also be procedurally barred under NRS 34.810(1)(b)(2). *See Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991) (the "independent and adequate state ground" doctrine bars federal habeas review "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement"); *Vang v. Nevada*, 329 F.3d 1069 (9th Cir. 2003) (holding that NRS 34.810(1) is an independent and adequate state ground in non-capital cases).

to "to elaborate on his existing claims" and specifically prohibiting "additional claims." (ECF No. 173 at 1–2.) Leave to amend under Civil Rule 15(a) would be futile because Ground 2(D) does not relate back to the original petition and it is unexhausted. However, striking the entire Amended Petition is unnecessary. The Court therefore strikes only Ground 2(D) of the Amended Petition as time-barred and unexhausted. (ECF No. 176 at 30–34.)

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion to Strike (ECF No. 182) is GRANTED IN PART AND DENIED IN PART.

2. Ground 2(D) of Petitioner Brendan Nasby's Amended Petition (ECF No. 176 at 30–34) is STRICKEN as time-barred and unexhausted.

3. Respondents must FILE AN ANSWER to the Amended Petition **within 45 days of this order**. The answer must include substantive arguments addressing the merits of all remaining grounds of the Amended Petition as well as the specific issues certified by the Court of Appeals. The arguments in Respondents' answer, including any procedural defenses they may wish to raise, must be supported by specific citations to the relevant parts of the state court record, filed at ECF Nos. 132–149, 158–163, 186.

4. Nasby must FILE A REPLY in support of the Amended Petition **within 45 days of service of Respondents' answer**. The reply must include substantive arguments addressing the merits of all remaining grounds of the Amended Petition as well as the specific issues certified by the Court of Appeals. The arguments in Nasby's reply must be supported by specific citations to the relevant parts of the state court record, filed at ECF Nos. 132–149, 158–163, 186.

///
///
///
///
///
///

5. As previously ordered, counsel for both parties are directed to prioritize the briefing in this case over later-filed matters. (ECF No. 183). "**Further extensions of time are not likely to be granted absent compelling circumstances and a strong showing of good cause why the briefing could not be completed within the extended time allowed despite the exercise of due diligence**." *Id.*

DATED this 16th day of June, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE