UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRENDAN NASBY,<br><br>　　　　　　Petitioner,<br>　v.<br>E.K. MCDANIEL, et al.,<br><br>　　　　　　Respondents. | Case No. 3:07-cv-00304-LRH-WGC<br><br>**ORDER** |

　　　　This habeas matter is before the Court on Respondents' unopposed first Motion for Enlargement of Time (ECF No. 191).

　　　　When a party moves to extend a deadline before the original time expires and the stated reasons show good cause, the court may grant the extension. *See* Fed. R. Civ. P. 6(b); LR IA 6-1. The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). Good cause is shown if the deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

　　　　Here, Respondents' motion seeks a lengthy extension of time, until September 2, 2020, to file and serve a response to Petitioner Brendan Nasby's Amended Petition (ECF No. 176). The Court has repeatedly warned: "**Further extensions of time are not likely to be granted absent compelling circumstances and a strong showing of good cause why the briefing could not be completed within the extended time allowed despite the exercise of due diligence.**" (ECF Nos. 183, 190 (emphasis in originals).) The Court has further directed both parties to "prioritize the briefing in this case over later-filed matters." (*Id.*) A response to the amended petition is currently due July 31, 2020; thus, counsel requests an extension of 33 days.

　　　　As cause for the request, counsel lists, among other things, two July deadlines in *Perez-Marquez v. Gentry*, 2:17-cv-1501-RFB-BNW, and *Preciado-Nuno v. McDaniel*, 3:19-cv-0103-

HDM-WGC.  A review of those dockets shows that counsel has requested extensions of time until late September with one already granted and one remaining pending.  Another deadline represented in the motion as falling on August 14 in *Azcarate v. Williams*, 2:17-cv-2190-RFB-EJY, was extended until September 14.  Counsel further notes that she is assigned to a wrongful conviction compensation case in the Second Judicial District Court in Washoe County, which she represents is set for a two-day trial on September 13–14,[1] 2020, with other matters scheduled this week and the first Monday in August.  Lastly, based on the ongoing COVID-19 pandemic and the cumbersome nature of telecommuting through a virtual private network (VPN) from home to access the voluminous exhibits filed in this case, counsel asserts that drafting the answer has been more difficult than anticipated.

The motion falls short of providing compelling circumstances or a strong showing of good cause, particularly because all seven of the cases listed in this district are later-filed matters.  Additionally, although the exhibits in this case are numerous, they are filed unsealed on the public docket, which means counsel may review the exhibits through CM/ECF with no more than internet service and a CM/ECF filer login and password—it does not require VPN use.  Nevertheless, the Court will allow a one-week extension to accommodate the bench trial.

IT IS THEREFORE ORDERED: Respondents' unopposed first Motion for Enlargement of Time (ECF No. 191) is **GRANTED IN PART AND DENIED IN PART**.  Respondents' have until August 7, 2020, to respond to Nasby's Amended Petition (ECF No. 176).

DATED this30th day of July 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] Notably, September 13, 2020, falls on a Sunday—a non-business day, which Judge Navarro pointed out in her recent order denying one request for extension of time and only partially granting another by the same deputy attorney general.  *See also Garza v. Williams*, 2:18-cv-00995-GMN-BNW, ECF No. 49.  Upon review of the Second Judicial District Court's docket, it appears that the bench trial will begin the following day, September 14.

The docket records of the Second Judicial District Court, of which this Court takes judicial notice, may be accessed by the public online at: https://www.washoecourts.com/Query/DetailedCaseSearch.