UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| BRENDAN NASBY, | Case No. 3:07-cv-00304-LRH-WGC |
| Petitioner, | |
| v. | **ORDER** |
| E.K. MCDANIEL, et al., | |
| Respondents. | |

This habeas matter is before the Court on Respondents' unopposed second Motion for Enlargement of Time (ECF No. 194).[1]

The Court has repeatedly warned: "**Further extensions of time are not likely to be granted absent compelling circumstances and a strong showing of good cause why the briefing could not be completed within the extended time allowed despite the exercise of due diligence.**" (ECF Nos. 183, 190, 192 (emphasis in originals).)  The Court has further directed both parties to "prioritize the briefing in this case over later-filed matters." (*Id.*)

Last week, Respondents' counsel requested a 33-day extension of time, until September 2, 2020, to respond to Petitioner Brendan Nasby's Amended Petition (ECF No. 176). (ECF No. 191.) Although the motion fell short of providing compelling circumstances or a strong showing of good cause, the Court granted a one-week extension until August 7, 2020. (ECF No. 192.) Respondents have now filed notices of change of deputy attorney general and association of counsel (ECF Nos. 193, 197), as well as a new motion seeking a 32-day extension of time, until September 8, 2020, to file and serve a response. The motion states that prior counsel was unexpectedly placed on bed rest due to ongoing medical issues; thus, the matter must be reassigned to new counsel. Given the age and lengthy procedural history of this matter and the complexity of the remaining

---

[1] A corrected image of the document displaying the motion is located at ECF No. 196.

claims, new counsel will need time to review the record and properly answer the remaining claims. Thus, Respondents "unfortunately must request a final extension of time to complete this task" and indicate they will give this matter priority. (ECF No. 196 at 3.)

The Court will reluctantly allow an extension given prior counsel's unexpected medical restriction and new counsel's need to get up to speed on this case. However, counsel is expressly cautioned, the Local Rules provide that an attorney's withdrawal or substitution of counsel "will not alone be reason for delay" of the proceedings, *see* LR IA 11-6(d), and the Court will hold Respondents to their representation that this is the final extension of time.

IT IS THEREFORE ORDERED: Respondents' unopposed second Motion for Enlargement of Time (ECF No. 194) is **GRANTED IN PART AND DENIED IN PART**. Respondents have until September 2, 2020, to respond to Nasby's Amended Petition (ECF No. 176).

DATED this 4th day of August 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE